**Opinion issued March 2, 2023**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-22-00766-CR

———————————

### JAMES ALAN BIGON, II, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 277th District Court
### Williamson County, Texas[1]
### Trial Court Case No. 21-0132-K277

---

### MEMORANDUM OPINION

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* Misc. Docket No. 22–9083 (Tex. Sept. 27, 2022); *see also* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases); TEX. R. APP. P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court . . . .").

After appellant, James Alan Bigon, II, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession with intent to deliver a controlled substance: namely methamphetamine, weighing more than four grams but less than 200 grams,[2] the trial court deferred adjudication of appellant's guilt and placed him on community supervision for six years. The State, alleging numerous violations of the conditions of appellant's community supervision, subsequently moved to adjudicate his guilt. After a hearing, the trial court found numerous allegations true, found appellant guilty, and assessed his punishment at confinement for fifteen years. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a), (d).

U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that she provided appellant with a copy of the brief and the motion to withdraw, informed appellant of his right to examine the appellate record and file a response to counsel's *Anders* brief, and provided him with a form motion to access the appellate record.[3] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response to his counsel's *Anders* brief.

We have independently reviewed the entire record in the appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines

---

[3]     This Court also notified appellant that counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

3

whether arguable grounds exist by reviewing entire record).  We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

## Conclusion

We affirm the judgment of the trial court and grant appellant's appointed counsel's motion to withdraw.[4]  Attorney Kristen Jernigan must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).  We dismiss any pending motions as moot.

Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Countiss and Rivas-Molloy.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[4]     Appellant's appointed counsel still has a duty to inform appellant of the result of this appeal and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).